IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gary Waiters, #273876, ) | Civil Action No.:2:15-cv-01042-JMC-MGB |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden, Coastal Pre-Release Center, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 26; *see also* Dkt. No. 27.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought the instant habeas action on or about February 27, 2015. (*See* Dkt. No. 1 at 16 of 16; *see also* Dkt. No. 1-1.) On August 27, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 26; *see also* Dkt. No. 27.) By order filed August 27, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 28.) Petitioner filed a Response in Opposition to the Motion for Summary Judgment on or about September 14, 2015. (*See* Dkt. No. 30; *see also* Dkt. No. 35.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined within the South Carolina Department of Corrections ("SCDC"). In March of 2009, the Jasper County Grand Jury indicted Petitioner for burglary, first degree. (R. at 270-72.) Petitioner was represented at trial by Stephen T. Plexico, Esquire. (*See* R. at 1.) Petitioner proceeded to a jury trial before the Honorable Carmen T. Mullen on June 8 and 11 of

1

2009. (R. at 1-159.) The jury convicted Petitioner on the lesser included offense of burglary, second degree. (R. at 147.) Judge Mullen sentenced Petitioner to fifteen years of incarceration. (R. at 157.)

Petitioner appealed and was represented by Wanda H. Carter, Esquire, of the South Carolina Commission on Indigent Defense. (*See* Dkt. No. 27-1 at 164-72 of 278.) In an *Anders*[1] brief filed on May 24, 2010, Petitioner raised the following issue:

> The lower court erred in allowing the jury to hear prejudicial character evidence which suggested that appellant had been investigated by police on a prior burglary charge because appellant was being tried on a burglary charge in the case at bar.

(R. at 165.) Ms. Carter also filed a petition to be relieved as counsel. (R. at 170.) Petitioner filed a *pro se* brief. (*See* Dkt. No. 27-3.) In an unpublished opinion filed on June 20, 2011, the South Carolina Court of Appeals dismissed the appeal and granted counsel's motion to be relieved. (R. at 173-74.) The remittitur was issued on July 6, 2011. (Dkt. No. 27-4.)

On July 1, 2011, Petitioner filed an application for post-conviction relief ("PCR"). (R. at 175-82.) The following questions and answers appeared in his PCR application (verbatim):

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
>     (a) Judicial Misconduct.
>
>     (b) Ineffective Assistance of Counsel.
>
>     (c) Violation of Due Process.
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
>     (a) After the jury returned with a not guilty verdict Residing judge disregarded the jury's verdict and sentenced me on her own to 15 years.
>
>     (b) Counsel failed to address this unethical behavior.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

2

> (c) The sentencing judge violated my Due Process rights by disregarding the verdict of the jury, testimony, and evidence presented during trial.

(R. at 177.) Petitioner, through his attorney Charles Brooks, filed various supplements to his application. (*See* R. at 189-229.)

On September 5, 2012, an evidentiary hearing was held before Judge Perry M. Buckner, III. (R. at 230-61.) Petitioner was present and represented by Charles T. Brooks, III, Esquire. (*See* R. at 230.) In a written order dated October 1, 2012, Judge Buckner denied the application for post-conviction relief and dismissed the petition. (R. at 262-69.)

Petitioner, through his attorney Carmen V. Ganjehsani of the South Carolina Commission on Indigent Defense, filed a *Johnson* Petition for Writ of Certiorari on May 2, 2013. (*See* Dkt. No. 27-7.)[2] Through counsel, Petitioner raised the following issue:

> Did the Trial Court have jurisdiction to try the case in which Petitioner was convicted where the indictment was not returned as a "true bill" thus indicating that the grand jury determined that there was no probable cause to support the charges against Petitioner?

(Dkt. No. 27-7 at 3 of 11.) Ms. Ganjehsani also filed a petition to be relieved as counsel. (*Id.* at 10 of 11.) Petitioner filed a *pro se* response to the *Johnson* petition. (Dkt. No. 27-9.)

In an order filed February 9, 2015, the South Carolina Court of Appeals denied the petition for a writ of certiorari and granted counsel's request to withdraw. (Dkt. No. 27-10.) The matter was remitted to the lower court on February 25, 2015. (Dkt. No. 27-11.)

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

> **GROUND ONE**: "The Indictment"
> **Supporting facts**: The indictment was not sign by no one and it was not clock stamp the only than was stamp when the clerk of court Ms. Margaret Bostick of Jasper County Courthouse in Jasper County. Show in cases that the case shouldn't be trial under that indictment.

---

[2]*See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

3

>**GROUND TWO**:
>**Supporting facts**: I have ask for the witnesses to show up, I had ask my attorney to have the witness there, and I have ask him to show the evidence that the people have on me, just like the officer say there was no evidence on me no way.
>
>**GROUND THREE**: The Indictment was not sign by nobody or clock stamps.
>**Supporting facts**: My attorney Carmen V. Ganjehsani say she argue about the indictment and the witness. I never received paperwork dealing with this issue Nobody bring the witness to testified in my behalf beside (1) one person and at the PCR hearing Mr. Charles T. Brook III he was the person I ask to have my witnesses there to talk in my behalf, especially the Parole Office, because I was in his officer want everything happen.

(Dkt. No. 1 at 6-9 of 16.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

As noted above, Respondent seeks summary judgment in the instant case. (Dkt. No. 26; *see also* Dkt. No. 27.) For the reasons set forth herein, the undersigned recommends granting Respondent's motion.

### **A.     Ground One and Ground Three**

In Ground One, Petitioner complains about the indictment. (*See* Dkt. No. 1 at 6 of 16.) Specifically, he asserts that he should not have been tried under the indictment what was not signed or clock-stamped. (*Id.*) Ground Three contains the same complaint–that the indictment was not signed or clock-stamped. (*Id.* at 9 of 16.) As to Ground Three, Petitioner states (verbatim),

> My attorney Carmen V. Ganjehsani say she argue about the indictment and the witness. I never received paperwork dealing with this issue Nobody bring the witness to testified in my behalf beside (1) one person and at the PCR hearing Mr. Charles T. Brook III he was the person I ask to have my witnesses there to talk in my behalf, especially the Parole Office, because I was in his officer want everything happen.

(*Id.*)

Ground One and Ground Three are not cognizable in the instant action. "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)

(internal quotation marks and citations omitted). Indeed, federal habeas relief is only available when the alleged error was based on a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (holding jurisdiction is a matter of state law); *Epps v. Bazzle*, No. 9:07-cv-3113-RBH, 2008 WL 2563151, at *2 (D.S.C. June 23, 2008) ("Petitioner's claim that the trial court lacked subject matter jurisdiction fails because circuit courts have subject matter jurisdiction to try criminal cases *regardless of whether there is a valid indictment in any particular case*." (emphasis added)). Petitioner's claim that the indictment was invalid because it was not signed or clock-stamped does not raise a claim cognizable on federal habeas review. *See Dilworth v. Markle*, 970 F. Supp. 2d 498, 507 (N.D. W. Va. 2013) ("[B]ecause there is no federal constitutional requirement that a state proceed on criminal charges by way of indictment, then there can be no constitutional challenge to the sufficiency of the indictment itself. What is required of a state indictment turns purely on an interpretation of state law . . . ."); *see also Smith v. Moore*, 137 F.3d 808, 821-22 (4th Cir. 1998) (refusing to entertain the habeas petitioner's contention that a jury instruction misstated South Carolina law). Accordingly, the undersigned recommends granting summary judgment to Respondent as to Ground One and Ground Three.

### **B.    Ground Two**

In Ground Two, Petitioner states,

> I have ask for the witnesses to show up, I had ask my attorney to have the witness there, and I have ask him to show the evidence that the people have on me, just like the officer say there was no evidence on me no way.

(Dkt. No. 1 at 8 of 16.)

To the extent Petitioner claims his attorney was ineffective in failing to call an alibi witness, Petitioner is not entitled to relief. The PCR court summarized the testimony at the PCR hearing as follows:

6

At the evidentiary hearing, the Applicant testified that trial counsel was ineffective for failing to call an alibi witness on his behalf. The Applicant testified that he gave counsel the name of Michelle Thompson as his alibi witness. He testified on the morning of the incident he was at his probation officer's office around 9 am and was then at the Social Security Office around 9:45 am. The Applicant testified further that his alibi witness was present at trial. He also testified that he gave trial counsel several leads and potential witnesses for the defense.

. . .

Trial counsel also testified that he discussed an alibi witness with the Applicant. He testified since the Applicant did not testify at trial, presenting an alibi witness would not have been beneficial. Counsel also testified that he informed the Applicant that he could not lie on the witness stand. Counsel testified further that the alibi witnesses were present at trial. He testified that the Applicant's parole officer would not have been a good witness because the incident took place right after the Applicant left his parole officer. Counsel also testified that any alibi witness that the Applicant could have called may not have covered the time frame when the burglary took place. Counsel testified that without the Applicant's testimony at trial, it was his trial strategy to not put up a defense to preserve the last argument before the jury.

. . .

This Court finds the Applicant's testimony is not credible, while also finding trial counsel's testimony is credible. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.

This Court finds that the Applicant failed to meet his burden of proving trial counsel was ineffective for failing to call an alibi witness at trial. In order to support a claim that trial counsel was ineffective for failing to interview or call potential alibi witnesses, a PCR applicant must produce the witnesses' testimony in a manner consistent with the rules of evidence. Glover v. State, 318 S.C. 496, 498-99, 458 S.E.2d 538, 540 (1995). The applicant's mere speculation of what the witnesses' testimony would have been cannot, by itself, satisfy the applicant's burden of showing prejudice. Id.

This Court finds that the Applicant failed to produce witnesses at the evidentiary hearing or introduce the alibi witnesses' testimony in a manner consistent with the rules of evidence. At the evidentiary hearing, the Applicant did not present any witnesses to testify to the Applicant's alleged alibi. This Court also finds that counsel gave credible testimony that the . . . alleged alibi witnesses would not have covered the time frame during which the crime was committed. This Court finds further that trial counsel also articulated a valid trial strategy for his failure to call an alibi witness. Counsel gave credible testimony that the Applicant's alibi defense

7

> would not have been beneficial without the Applicant taking the stand. Counsel testified further that once the Applicant decided not to testify at trial, it was his trial strategy to not put up a defense in order to have the last argument before the jury. This Court finds that the Applicant has failed to carry his burden of proving that trial counsel was ineffective for failing to present an alibi witness at trial.

(R. at 264-68.)

As the PCR court noted, Petitioner did not present the testimony of any alibi witness or witnesses at his PCR hearing. Accordingly, the state court's rejection of this claim of ineffective assistance of counsel is not contrary to, or an unreasonable application of, clearly established federal law, nor does it result in a decision that was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); *see also Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) (concluding the petitioner's claim that other evidence should have been presented during the sentencing phase of his trial failed in "the absence of a proffer of testimony from a witness or witnesses he claims his attorney should have called," stating, "He claims that his counsel conducted an inadequate investigation to discover persons who would testify in his favor, but he does not advise us of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify.").

To the extent Petitioner claims there was insufficient evidence to support a conviction, that claim also fails. Although claims of insufficient evidence are cognizable on collateral review, "a federal court's review of such claims is 'sharply limited.'" *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998). As the Fourth Circuit stated in *Wilson*,

> Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review. Thus, a defendant is entitled to relief only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

*Wilson*, 155 F.3d at 405-06 (internal quotation marks and citations omitted).

During Petitioner's trial, Mr. Cruz-Moguel testified that on the morning in question, Petitioner "had a pistol in his hand and with that, holding it in his hand, broke the window, and his arm came into the, into the house." (R. at 78.) Mr. Cruz-Moguel testified that he had seen Petitioner on previous occasions because Petitioner would "constantly" come by looking for Trish, who was a girlfriend of Mr. Cruz-Moguel's roommate, and that he "would tell [Petitioner] to leave constantly." (*Id*.) Mr. Vazquez-Tobilla testified similarly, stating that he saw Petitioner reaching his arm through the broken window "tr[ying] to open up the lock" on the door. (R. at 87.) Pursuant to South Carolina Code Section 16-11-312, "A person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein." Given the evidence before the trial court, the undersigned cannot say that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *See* S.C. CODE § 16-11-312. *Cf. McMillian v. State*, 383 S.C. 480, 487, 680 S.E.2d 905, 908 (2009) (rejecting argument that "counsel was ineffective in advising [the applicant] that intent to commit a crime could be inferred from a trespass"). Accordingly, the undersigned recommends granting summary judgment to Respondent as to Ground Two.

## **CONCLUSION**

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 26) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[3]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 5, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3]Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).