IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gary Waiters, #273876, ) | |
| ) | Civil Action No.: 2:15-cv-01042-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden, Coastal Pre-Release Center, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Gary Waiters ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging lack of subject matter jurisdiction, ineffective assistance of counsel, and insufficiency of the evidence. (ECF No. 1.) This matter is before the court on Respondent's Motion for Summary Judgment (ECF No. 26).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Mary Gordon Baker, for pre-trial handling. On January 5, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and dismiss the Petition. (ECF No. 38.) This review considers Petitioner's Objection to Report and Recommendation ("Objections"), filed January 25, 2016. (ECF No. 40.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 28) and dismisses the Petition with prejudice.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 38.) The court will only recite herein facts pertinent to the

1

analysis of Petitioner's Objections.

Petitioner is currently incarcerated at the Manning Correctional Institution[1] within the South Carolina Department of Corrections ("SCDC"). (ECF No. 41).

In March of 2009, the Jasper County Grand Jury issued an indictment charging Petitioner with burglary, first degree. (ECF No. 38 at 1). Petitioner proceeded to a jury trial in June of 2009, and was subsequently convicted on the lesser included offense of burglary, second degree. (*Id.* at 1-2). The presiding judge sentenced Petitioner to fifteen years of incarceration. (*Id.* at 2). On July 1, 2011, Petitioner filed an Application for Post-Conviction Relief ("PCR"), which was dismissed on October 1, 2012, following an evidentiary hearing. (*Id.* at 3). Petitioner filed a *Johnson*[2] Petition for Writ of Certiorari on May 2, 2013, which the South Carolina Court of Appeals denied on February 9, 2015. (*Id.*)

Petitioner filed the instant habeas Petition on February 27, 2015, alleging three grounds for relief: (1) lack of subject matter jurisdiction due to an insufficient indictment, (2) ineffective assistance of counsel for failure to call an alibi witness at trial, (3) insufficient indictment. (ECF No. 1 at 6-9). The Magistrate Judge also addressed an allegation of insufficiency of the evidence, which Petitioner seemingly stated as a sub-part to Ground Two. (*See* ECF No. 1 at 8). Respondent filed a Motion for Summary Judgment and Return and Memorandum of Law in Support of Motion for Summary Judgment on August 27, 2015. (ECF Nos. 26, 27.)

On January 5, 2016, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion and dismiss the Petition. (ECF No. 38.) The Magistrate Judge found that the PCR court's findings of fact with regard to Grounds One and Three are not cognizable because

---

[1] At the time of filing, Petitioner was incarcerated at the Coastal Pre-Release Center.
[2] *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

2

federal habeas relief is only available when the alleged error is based on a violation of the laws of the United States. Since there is no federal requirement that a state must proceed by way of an indictment, Petitioner cannot be granted federal habeas relief due to the insufficiency of the indictment. (*Id.* at 6). The Magistrate Judge recommended Ground Two be denied because Petitioner is not entitled to relief. The Magistrate Judge agreed with the PCR court's rejection of Petitioner's claim for ineffective assistance of counsel for failure to call alibi witnesses since Petitioner did not present testimony of any alibi witnesses at his PCR hearing. (*Id.* at 8). Without demonstrating the favorable testimony Petitioner claimed the alibi witness could have produced, Petitioner failed to carry his burden to prove that his counsel was ineffective. (*Id.*) Furthermore, the Magistrate Judge found that to the extent Petitioner claims there was insufficient evidence to support his conviction, his claim fails because "[g]iven the evidence before the trial court, the [Magistrate Judge could] not say that no rational trier of fact could have found proof of guilt beyond a reasonable doubt." (*Id.* at 9).

Petitioner timely filed his Objections on January 25, 2016. (ECF No. 40.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

3

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner filed extensive Objections, largely consisting of detailed explanations of relevant case law. Although Petitioner provides detailed examinations of multiple cases, he fails to explain how those cases demonstrate the Magistrate Judge's reasoning is incorrect. Petitioner maintains that the original indictment was insufficient, but fails to provide argument or case law to refute the Magistrate Judge's conclusion that this court cannot grant him federal habeas relief based on that allegation. Because Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.  The court does not find clear error and accepts the Report of the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 38).  It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 26) is **GRANTED** and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

February 9, 2015
Columbia, South Carolina

5